UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE TREVIZO, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | CASE NO. 2:17-cv-215 |
| | § | |
| THE CITY OF FRIONA, TEXAS, | § | |
| ISIDRO JIMENEZ, Individually and in His Capacity | § | |
| as Chief of Police, JESUS SAN MIGUEL, | § | |
| Individually and in His Capacity as a Police | § | |
| Officer of Friona, Texas, RODNEY STEVENS, | § | |
| Individually and in His Former Capacity as a | § | |
| Police Officer of Friona, Texas, and | § | |
| COLEMAN SPINHIRNE, | § | |
| Individually and in His Former Capacity as a Police | § | |
| Officer of Friona, Texas | § | |
|     Defendants | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

1.  Maria Guadalupe Trevizo, Plaintiff, complains of the City of Friona, Texas, Isidro Jimenez (Chief of Police of Friona, Texas) in his individual capacity and officially as chief of police of the City of Friona, Texas, Jesus San Miguel (Friona, Texas police officer) in his individual capacity and officially as an officer of the Friona, Texas police department, Rodney Stevens (Friona, Texas police officer) in his individual capacity and officially as an officer of the Friona, Texas police department, and Coleman Spinhirne (Friona, Texas police officer) in his individual capacity and officially as an officer of the Friona, Texas police department, and respectfully shows:

I. PARTIES

2. Plaintiff is a resident of Friona, Parmer County, Texas.

3. Defendant City of Friona is located in Parmer County, Texas, and can be served process by serving its acting City Manager, Patricia Phipps, at 623 Main Street, Friona, Texas 79035.

4. Defendant Isidro Jimenez is a resident of Parmer County, Texas and may be served process at the Friona Police Department, 521 Euclid, Friona, Texas 79035. He is sued here in both his individual and official capacities. At all times relevant to this lawsuit, he was employed as the chief of police for the City of Friona, Texas and was acting under color of law and as the chief policy maker for law enforcement in Friona, Texas.

5. Defendant Jesus San Miguel is a resident of Parmer County, and may be served process at the Friona Police Department, 521 Euclid, Friona, Texas 79035. He is sued here in both his individual and official capacities. At all times relevant to this lawsuit, he was employed as an officer for the City of Friona, Texas and as an agent for Friona, Texas.

6. Defendant Rodney Stevens is a resident of Parmer County, Texas, and may be served process at the Friona Police Department, 521 Euclid, Friona, Texas 79035. He is sued here in both his individual and official capacities. At all times relevant to this lawsuit, he was employed as an officer for the City of Friona, Texas and as an agent for Friona, Texas.

7. Defendant Coleman Spinhirne is a resident of Parmer County, Texas, and may be served process at 521 Euclid, Friona, Texas 79035. He is sued here in both his individual and official capacities. At all times relevant to this lawsuit, he was employed as an officer for the City of Friona, Texas and as an agent for Friona, Texas.

## II. JURISDICTION

8. Jurisdiction over Plaintiff's constitutional claims for which redress is provided by 42 U.S.C. §§1983 and 1985 is conferred on the Court by 28 U.S.C. §1343. Federal jurisdiction is also conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

9. The Court has jurisdiction over the state law claims in this suit pursuant to 28 U.S.C. §1367.

10. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and 1392(a), because Plaintiff resides in this district and the cause of action arose in this District and the defendants reside in the State of Texas.

## III. STATEMENT OF FACTS

### As to Maria Guadalupe Trevizo

11. On November 9, 2015, Plaintiff Maria Guadalupe Trevizo returned to Friona, Texas with her husband, Oscar Reyes, after a trip to San Antonio, Texas. Mr. Reyes is a long-haul truck driver, and Plaintiff had accompanied him on his trip as a passenger.

12. As was their usual practice when the two travelled together, Mr. Reyes dropped Plaintiff off at the corner of 902 Main Street, where the Bi-Wize Pharmacy is located. Since Mr. Reyes could not park his truck on a residential street, Plaintiff walked the two blocks from the corner to their residence while Mr. Reyes took his truck to a location where semi-trucks were allowed to be parked. It was the parties' practice to have Plaintiff retrieve the parties' vehicle and go and pick Mr. Reyes up after he parked his truck.

13. Police officer Coleman Spinhirne of the Friona, Texas Police Department, was across the street from Bi-Wize Pharmacy fueling his patrol vehicle and observed Plaintiff get out

of the truck and begin walking across the pharmacy parking lot. He drove across the street, activated his overhead emergency lights and then approached Plaintiff in the Bi-Wize parking lot. When Plaintiff did not stop walking, he detained her and called for Sgt. San Miguel to come to the scene to translate. Spinhirne's reasons for detaining Maria range from concern for her welfare (his report) to suspicious activity (his probable cause affidavit). Subsequently, Sgt. San Miguel arrived in his vehicle, along with a third officer (Stevens) who was in a third vehicle. The three officers surrounded Plaintiff and eventually took her to the pavement when she refused San Miguel's command to "get off her cell phone."  Plaintiff had been on the phone to her mother (who lives in Mexico) since she had exited Oscar's truck; she did not want to hang up on her mother. Plaintiff did provide identification when asked by the officers and answered their questions as they addressed her. She tried to explain that she was on the way to her residence and was talking on the telephone to her mother. Apparently, the trigger for Sgt. San Miguel to arrest her was her failure to follow his command to get off her cell phone. Maria was arrested for resisting arrest and assault on a public servant. The resisting case was filed but subsequently dismissed by the prosecutor. The Parmer County District Attorney declined to prosecute the assault case.

14. Plaintiff was simply speaking on her phone to her Mother in Mexico.  She did not pose a danger to the officers, any other potential members of the public, or to herself.  She did not present any outward threats of danger, such as acting with hostility.  At no point did she make a sign of trying to escape the officers, such as turning to run or moving evasively.  She was merely trying to walk home while talking to her Mother on the phone.  In spite of this, the officers slammed Plaintiff to the ground, causing acute pain, multiple acute contusions and multiple acute abrasion from the incident.

15.     The Officers used excessive force on Plaintiff.  Their use of force was not authorized by Texas law, and it was unreasonable under the circumstances -- Plaintiff simply did not want to hang up on her Mother in Mexico and at no time did her actions offer a hint of a threat to escape.  As a result of this excessive force, Maria Guadalupe Trevizo has been required to seek and pay for medical treatment from a physician for the injuries she suffered in the incident described above.  Plaintiff has also been forced to undergo psychological counseling to deal with the emotional trauma caused by this incident.

16.     Throughout the incident which culminated in her detention, arrest and prosecution, Maria Guadalupe Trevizo was kept in a constant state of fear, anxiety and worry over her fate. The injuries suffered by her were severe, significant and substantial and included great mental anguish, pain and suffering.

17.     Alternatively, such injuries were a direct and proximate result of the execution of the City of Friona police officers of the policy of defendant City of Friona of failing to adequately investigate the background of agents hired to perform law enforcement work (the "negligent hiring" policy).

18.     Alternatively, such injuries were a direct and proximate result of the execution of the City of Friona police officers of the policy of defendant City of Friona of failing to adequately supervise agents hired to perform law enforcement work (the "negligent supervision" policy).

19.     Alternatively, such injuries were a direct and proximate result of the execution of the City of Friona police officers of the policy of defendant City of Friona of failing to properly train the officer as to the manner in which to deploy and use force in a citizen confrontation ("negligent training" policy).

**As to Maria Guadalupe Trevizo**

IV. CAUSES OF ACTION

**A. Excessive Force**

20. Defendants Isidro Jimenez, Rodney Stevens, Coleman Spinhirne and Jesus San Miguel unlawfully used excessive force against Plaintiff and arrested and deprived her of her liberty in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

21. The officers used an unreasonable level of force when arresting Plaintiff. The officers caused her injury, which resulted from the force which was excessive under the circumstances and objectively unreasonable.

22. First, the officers' exercise of force was not authorized by Texas law, making it per se unreasonable. Texas Penal Code §9.051(a) authorizes a peace officer to use force against a person "to the degree the [officer] reasonably believes the force is immediately necessary to make or assist in making an arrest" but only if "before using force, the [officer] manifests his purpose to arrest."

23. The officers arresting Plaintiff could not reasonably believed forced was "immediately necessary" to make the arrest – Plaintiff was a woman, walking alone, talking on her cell phone to her Mother and who displayed no signs of danger, hostility, or intent to escape. No reasonable officer would have believed it was necessary to use force based on what they saw. Therefore, their use of force was not authorized by Texas Penal Code §9.051(a), making it unreasonable per se.

24. Further, the officers' application of force on Plaintiff was unreasonable in light of Fourth Amendment standards. It is clear that applying force was objectively unreasonable.

25. Plaintiff displayed no indication of posing an immediate threat to anyone's safety, nor was she actively resisting or attempting to evade arrest when the officers suddenly took her to the ground. Nor could officers have believed that roughing her up was "immediately necessary to make the arrest." She was a young woman who displayed no signs of hostility or intent to escape. No reasonable officer would have believed it was necessary to use force based on what they saw. Therefore, their use of force was not authorized by Texas Penal Code §9.051(a), making it unreasonable per se.

26. Plaintiff contends that Defendants, through their acts and those of their agents, servants, and employees, caused the unlawful use of force, the arrest and the deprivation of liberty of the Plaintiff in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

### B. Assault and Intentional Infliction of Emotional Distress

27. Defendants intentionally, knowingly or recklessly made or caused contact with the person of Plaintiff Maria Guadalupe Trevizo which caused bodily injury to Maria Guadalupe Trevizo.

28. The officers' use of force on Plaintiff was not authorized by Texas Penal Code §9.051(a).

29. The officers intentionally engaged in physical contact with them, knowing they would regard the contact as offensive. The officers are therefore liable for common law assault under state law.

30. As a direct result of the assaultive actions against her, Plaintiff Maria Guadalupe Trevizo has suffered actual damages for which she is entitled to be compensated by Defendants.

31. In addition to the foregoing, Plaintiff would show that Defendants San Miguel, Spinhirne and Stevens acted intentionally and recklessly in causing severe emotional distress to Plaintiff Maria Guadalupe Trevizo. The officers' conduct was extreme and outrageous and proximately caused Plaintiff's emotional distress. No alternative cause of action would provide a remedy for the severe emotional distress caused by the conduct of Foster.

### C. Unlawful Arrest of Plaintiff Due to Policy of Negligent Hiring

32. The policy of defendants to hire its police officers in a negligent manner was executed against plaintiff as set forth in the preceding paragraphs. This execution of policy by all defendants, singularly and collectively, directly and proximately caused Plaintiff to be deprived of the following federal constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States:

    A)     the right to be free from an unlawful arrest;

    B)     The right to equal protection of the laws;

    C)     The right to due process of law;

    D)     The right to be free from the use of excessive and unreasonable force; and

    E)     The right to be free from the use of conspiracy to impede, hinder, obstruct and defeat the due cause of justice.

### D. Unlawful Arrest of Plaintiff Due to Policy of Negligent Supervision

33. The policy of defendants to supervise its police officers in a negligent manner was executed against Plaintiff as set forth in the preceding paragraphs. This execution of policy by all defendants, singularly and collectively, directly and proximately caused plaintiff to be deprived of the following federal constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States:

    A)    the right to be free from an unlawful arrest;

    B)    The right to equal protection of the laws;

    C)    The right to due process of law;

    D)    The right to be free from the use of excessive and unreasonable force; and

    E)    The right to be free from the use of conspiracy to impede, hinder, obstruct and defeat the due cause of justice.

### E. Unlawful Imprisonment of Plaintiff Due to Policy of Negligent Hiring and Supervision

34. The policy of defendants to detain and imprison Plaintiff with false accusations, arrests and complaints was executed against Plaintiff as set forth in the preceding paragraphs. This execution of policy by all defendants, singularly and collectively, directly and proximately caused plaintiff to be deprived of the following federal constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States:

    A)    the right to be free from an unlawful arrest;

    B)    The right to equal protection of the laws;

    C)    The right to due process of law;

    D)    The right to be free from the use of excessive and unreasonable force; and

    E)    The right to be free from the use of conspiracy to impede, hinder, obstruct and defeat the due cause of justice.

### F. Municipal Liability

35. Plaintiff would show that, at all times relevant hereto, Defendants were public servants engaged in the administration of city business. They engaged in the unlawful activity described herein in the course and scope of their employment for the City of Friona, Texas. Plaintiff alleges that Defendants had in place express policies and/or practices and custom that,

when enforced, caused a constitutional deprivation of Plaintiff's rights and damages, as set out herein.

36. In addition, Plaintiff alleges the Defendants had in place widespread practices that were permanent and well-settled so as to constitute Defendants' custom and/or usage. Plaintiff would further show that the implementation and following of Defendants' policies, procedures, and customs was the cause of numerous violations of Plaintiff's civil and constitutional rights, as well as all injuries and damages pled for and set out herein.

37. Plaintiff further contends that Defendants, because of their unlawful and illegal conspiracy, are liable for all of Plaintiff' damages, pursuant to 42 U.S.C. §§1983 and 1985.

38. Plaintiff contends that Defendants neglected their duty to prevent violations of civil rights, despite having been in a position to do so, in violation of 42 U.S.C. §1986. Certain of the Defendants, including, but not limited to city judicial officers, had either actual or constructive knowledge of the conspiratorial wrongful conduct described above, and failed to exercise reasonable diligence in preventing the wrongful conduct from occurring. Defendants, because of their willful neglect, are liable pursuant to 42 U.S.C. §1986.

## V. DAMAGES

39. Defendants proximately caused Plaintiff to suffer loss of liberty, violations of civil liberties, necessary medical costs, severe mental anguish and severe emotional distress, humiliation, embarrassment, bonding fees, costs of court, and attorney's fees, in the past and in the future. Defendants are jointly and severally liable to Plaintiff for compensatory damages and statutory attorney's fees.

40. In addition, Defendants are separately liable for punitive damages.

## VI. ATTORNEY'S FEES

41. Plaintiff is entitled to her costs and attorney's fees, pursuant to 42 U.S.C. §1988.

## VII. PRAYER

THEREFORE, Plaintiff prays that Defendants be cited to appear and answer; that judgment be granted against each defendant pursuant to each cause of action, singularly and collectively, and in favor of Plaintiff, respectively, for compensatory and punitive damages, for costs of court and statutory attorney's fees, and for such other and further relief available by law to Plaintiff as this Court may deem appropriate.

Plaintiff further prays for a declaratory judgment that the policies, practices and acts complained of herein are illegal and unconstitutional.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff, Maria Guadalupe Trevizo, asserts her rights under the Seventh Amendment to the U. S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Dated:  November 3, 2017.

>Respectfully submitted,
>
>THE ZAVALA LAW FIRM
>112 SW 8th Ave., Suite 301H
>Amarillo, Texas 79101
>Tel: (806) 350-6794
>Fax: (806) 350-6563
>
>By: */s/  Felipe Zavala*_____
>    Felipe Zavala
>    State Bar No. 24013796
>    Email: felipe@zavalafirm.com
>    Attorney for Plaintiff