UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE TREVIZO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2:17-cv-00215-J |
| | § | |
| CITY OF FRIONA, TEXAS, | § | |
| ISIDRO JIMENEZ, Individually and in His | § | |
| Capacity as Chief of Police, JESUS SAN | § | |
| MIGUEL, Individually and in His Capacity as | § | |
| a Police Officer of Friona, Texas, RODNEY | § | |
| STEVENS, Individually and in His Former | § | |
| Capacity as a Police Officer of Friona, Texas, | § | |
| and COLEMAN SPINHIRNE, Individually | § | |
| and in His Former Capacity as a Police Officer | § | |
| of Friona, Texas, | § | |
|     Defendants. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the City of Friona, Texas, Isidro Jimenez, Individually and in His Capacity as Chief of Police, Jesus San Miguel, Individually and in His Capacity as a Police Officer of Friona, Texas, Rodney Stevens, Individually and in His Former Capacity as a Police Officer of Friona, Texas, and Coleman Spinhirne, Individually and in His Former Capacity as a Police Officer of Friona, Texas, Defendants, (collectively "Defendants") and answers Plaintiff's Original Complaint and would respectfully show the Court as follows:

    1.      No response is required for the information contained in Paragraph 1.

    2.      No response is required for the information contained in Paragraph 2.

    3.      Defendant City of Friona admits the allegations contained in Paragraph 3.

    4.      Defendant Jimenez admits the allegations contained in the first sentence of Paragraph 4 and denies the remaining allegations.

5. Defendant San Miguel admits the allegations contained in the first sentence of Paragraph 5 and denies the remaining allegations.

6. Defendant Stevens admits the allegations contained in the first sentence of Paragraph 6 and denies the remaining allegations.

7. Defendant Spinhirne admits the allegations contained in the first sentence of Paragraph 7 and denies the remaining allegations.

8. Defendants admit that this Court has jurisdiction, but otherwise denies the allegations contained in Paragraph 8.

9. Defendants admit that this Court has jurisdiction, but otherwise denies the allegations contained in Paragraph 9.

10. Defendants admit the venue is proper as stated in Paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12.

13. Defendant Spinhirne admits the allegations contained in Sentences 1, 2 and 3 of Paragraph 13. Defendant Spinhirne denies the allegations contained in the remainder of Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants deny the allegations contained in Paragraph 32, including subparagraphs A), B), C), D), and E).

33. Defendants deny the allegations contained in Paragraph 33, including subparagraphs A), B), C), D), and E).

34. Defendants deny the allegations contained in Paragraph 33, including subparagraphs A), B), C), D), and E).

35. Defendants admit the allegations contained in Sentence 1 of Paragraph 35. Defendants deny the remaining allegations asserted in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants deny the allegations contained in Paragraph 38.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

## II.
## AFFIRMATIVE DEFENSES

42. Defendants affirmatively assert their defense of qualified and official immunity.

43. Defendants acted as would a reasonable public official in the same or similar circumstances in light of clearly established constitutional law.

44. Defendants assert that they cannot be liable to Plaintiff because they were not deliberately indifferent to Plaintiff's rights.

45. Defendant denies that it, or any employee of the City of Friona, violated Plaintiff's constitutional rights.

46. Defendants assert the defense of probable cause.

47. Defendants assert the defense of justification.

48. Defendants assert the defense of intervening causation.

49. Defendants assert the defense of good faith.

50. Defendants assert that they cannot be liable to Plaintiff because they did not have any custom, practice, or policy that violated Plaintiff's constitutional rights.

51. The use of force against Plaintiff was reasonable under the circumstances.

52. Plaintiff did not obey the commands the City of Friona police department officers gave to her.

53. Defendants assert that they cannot be liable to Plaintiff because the incident at issue is an isolated incident.

54. Defendants do not admit that Plaintiff suffered any damages. However, Defendants assert that if Plaintiff did suffer any damages, Plaintiff failed to mitigate those damages.

55. Defendants deny that Plaintiff is entitled to any relief as requested.

56. Defendants expect to be the prevailing party with regard to Plaintiff's claims under 42 U.S.C. § 1983. Accordingly, Defendants seek recovery of reasonable attorney's fees and costs in connection with Plaintiff's claims in this suit. *See* 42 U.S.C. § 1988(b). Additionally, Plaintiff's claim is frivolous and Defendants are entitled to their attorney's fees.

## PRAYER

Based on the foregoing, all allegations for affirmative relief in Plaintiff's Complaint are fundamentally defective and Plaintiff is not entitled to any of the relief requested against Defendants in this Court under any theory asserted. Accordingly, Defendants pray for entry of a judgment, that Plaintiff take nothing against Defendants, that Defendants recover their attorney's fees and costs of Court, and for such other and further relief as may be just and proper.

Respectfully submitted,

SPROUSE SHRADER SMITH PLLC
John Massouh, Texas State Bar No. 24026866
John.Massouh@sprouselaw.com
701 S. Taylor, Suite 500
P. O. Box 15008
Amarillo, Texas 79105-5008
Telephone: (806) 468-3300
Facsimile: (806) 373-3454

*/s/ John Massouh*
John Massouh

**ATTORNEYS FOR DEFENDANTS**

# **CERTIFICATE OF SERVICE**

I hereby certify that on **February 8, 2018,** I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**ATTORNEYS FOR PLAINTIFF**:

Felipe Zavala
felipe@zavalafirm.com
The Zavala Law Firm
112 SW 8th Ave., Suite 301H
Amarillo, TX 79101

> */s/   John Massouh*
> John Massouh

8801.174
1036295_1.docx